IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                  No. 14-cr-30076-DRH

WILLIAM J. MABIE,

Defendant.

### MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is defendant William J. Mabie's *pro se* "motion to dismiss indictment per rule 48(b)(1),(2)(3)" (Doc. 16). The government has responded in opposition (Doc. 21), and defendant Mabie has replied (Doc. 32).

Defendant Mabie cites subsection (b) of FEDERAL RULE OF CRIMINAL PROCEDURE 48, Dismissal. Rule 48(b) pertains to the Court's dismissal of an indictment, information, or complaint, "if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Cr. P. 48(b)(1)-(3).

Mabie argues unnecessary delay requires dismissal of the indictment against him. The indictment before this Court against Mabie was filed on April 23, 2014, and charges Mabie with 3 Counts of mailing threatening communications in violation 18 U.S.C. § 876(c). The indictment alleges that Mabie mailed threatening communications on or about January 30, 2012 (Count 1), January 23, 2012 (Count 2), and March 15, 2013 (Count 3).

Mabie generally states that there has been "unnecessary and inexplicable delay" in "filing complaint, requesting indictment, and proceeding to trial." Mabie cites the periods of time between Counts 1 and 2, in comparison to Count 3, and summarily states that a "timely execution" of this matter would have prevented Count 3. Mabie theorizes that his filing of a *Bivens* action motivated this "government action." In sum, Mabie generally argues, "[t]here is no feasible way to conjure a reason for delay of over 2 years, when law enforcement had contested documents in their possession, all 'investigation' complete."

"A defendant's primary safeguard against unreasonable delay is derived from the applicable statute of limitations." *United States v. McMutuary*, 217 F.3d 477, 481 (7th Cir. 2000). As the government explains, the indictment in this matter was filed well-within the applicable five year statute of limitations. *See* 18 U.S.C. § 3282(a). However, as the Seventh Circuit has noted, "the Fifth Amendment's due process clause plays a limited role in assuring that the government does not subject a defendant to oppressive delay." *Id.* (quoting *United States v. Spears*, 159 F.3d 1081, 1084 (7th Cir. 1998)).

Establishing pre-indictment delay that violates the Due Process Clause requires a defendant to first demonstrate that the delay "caused actual and substantial prejudice to his right to a fair trial." *Id.* at 482 (citing *United States v. Sowa*, 34 F.3d 447, 450 (7th Cir. 1994)). A defendant's burden of demonstrating "actual and substantial prejudice" is "exacting" as it must rest on more than "mere speculative harm." *Id.* (citing *United States v. Canoy*, 38 F.3d 893, 902 (7th Cir.

1994)).  The allegations must be "specific, concrete, and supported by evidence." *Id.* (citing *Sowa,* 34 F.3d at 450) (additional citations omitted). "If the defendant succeeds in showing prejudice, the burden shifts to the government '[to] show that the purpose of the delay was not to gain a tactical advantage over the defendant or for some other impermissible reason.'" *Id.* (citing *Spears,* 159 F.3d at 1084-85; *Sowa,* 34 F.3d at 451).

Clearly, Mabie has not demonstrated the cited delay has resulted in "actual and substantial prejudice."  He offers nothing but speculation as to the alleged motives of the government in seeking an indictment against him.  His motion does not even address prejudice, let alone demonstrate allegations of "actual and substantial prejudice" which are "specific, concrete, and supported by evidence."

Mabie's citation to "prejudice" in his reply similarly fails to meet the "exacting" burden required of him.  Mabie summarily alleges "witness faltering," without explaining what he means by "witness faltering" and without alleging how the alleged, cited witness is relevant to the case against him.  And further, Mabie speculates that he could have already been serving his time if the government had brought the charges against him at an earlier date, and again speculates that Count 3 would have been "impossible" if the government had brought the charges against him sooner. And once again, Mabie cites speculation as to government motive.  Mabie has clearly not met his initial, "exacting burden" of demonstrating "actual and substantial prejudice" resulting from delay.

Mabie's *pro se* "motion to dismiss indictment per rule 48(b)(1),(2)(3)" is **DENIED** (Doc. 16).

**IT IS SO ORDERED.**

Signed this 17th day of June, 2014.

Digitally signed by David R. Herndon
Date: 2014.06.17 17:33:07 -05'00'

**Chief Judge**
**United States District Court**