IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                No. 14-cr-30076-DRH

WILLIAM J. MABIE,

Defendant.

### MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court are various case management and pending matters. The Court today held a hearing wherein it granted defendant Mabie's motion to remove federal defender (Doc. 15), the Federal Public Defender's motion to withdraw as standby counsel (Doc. 23), and denied the request surrounding defendant Mabie's motion for emergency hearing (Doc. 29).

As defendant Mabie has asserted his right to self-representation, the Court also conducted a *Faretta* hearing. The Court discussed with defendant Mabie his knowledge of the law, the charges against him, and the possible sentence he could face if convicted. The Court then strongly encouraged defendant Mabie to accept appointment of counsel. Defendant Mabie expressed his unequivocal desire to represent himself. Due to the lack of resources available to defendant Mabie, the Court stated its intent to appoint standby counsel from the CJA panel to assist defendant Mabie in a limited capacity. The Court hereby appoints CJA panel

attorney **Daniel R. Schattnik, Unsell & Schattnik, 3 South 6th Street, Wood River, IL 62095, 618-258-1800**, to serve as standby counsel.

As stated at the hearing, the Court now reiterates that Mr. Schattnik is only to serve in the capacity of standby counsel. This is not a situation of hybrid representation.

Defendant Mabie also requests CJA funds for 1. Mailing supplies (Doc. 13) and 2. appointment of investigative services (Doc. 14). This Court shall not provide CJA funds outright to a *pro se* criminal defendant. *See Green v. United States*, 323 F.3d 1100, 1104 (8th Cir. 2003) ("As is clear from [the CJA] language, this section provides for reimbursement of costs incurred by court-appointed attorneys. Mr. Green [a *pro se* petitioner] is therefore not entitled to any reimbursement under this provision."); *see also United States v. McElhiney*, 369 F.3d 1168, 1170 (10th Cir. 2004); *cf. United States v. Feldman*, 788 F.2d 625, 626 (9th Cir. 1986). Thus, Mabie's motions for CJA funds are denied (Docs. 13 and 14).

Mr. Schattnik, as standby CJA counsel, shall ensure defendant Mabie is provided with legal research items and mailing supplies which are **reasonable and necessary solely to the charges pending against defendant Mabie in this Court. He shall not be provided supplies or research items necessary to the preparation of any other legal action he may be pursuing unrelated to the criminal charges against him in this Court.** Mr. Schattnik shall of course be

reimbursed any amounts expended, upon submission of the appropriate CJA form.

As for any future requests for investigative services, such requests shall be entertained only if submitted by Mr. Schattnik on defendant Mabie's behalf. Said requests shall conform with the standard and procedures set out in 18 U.S.C. § 3006A(e)(1):

> Counsel for a person who is financially unable to obtain investigative, expert, or other services **necessary for adequate representation** may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

18 U.S.C. § 3006A(e)(1)(emphasis added). *See also United States v. Winbush*, 580 F.3d 503, 510 (7th Cir. 2009) ("An expert's services are typically necessary if 'a reasonable attorney would engage such services for a client having the independent financial means to pay for them.'") (quoting *United States v. Smith*, 502 F.3d 680, 686 (7th Cir. 2007) (additional quotation omitted)).

Finally, defendant Mabie's motion for hearing on all motions (Doc. 24) is denied.

**IT IS SO ORDERED.**

Signed this 19th day of June, 2014.

Digitally signed by David R. Herndon
Date: 2014.06.19 16:36:37 -05'00'

**Chief Judge**
**United States District Court**