IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM J. MABIE,

Defendant.                                    No. 14-cr-30076-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Now before the Court is the government's motion for a determination of competency to stand trial (Doc. 48) (filed under seal). Defendant contests the motion (Doc. 50). At the hearing held on July 18, 2014, the Court orally granted the government's request, but deferred ruling as to certain specifics it herein designates.

Based on the reasons stated in the motion and the applicable law, the Court granted the government's request. The Court finds that, "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *See* 18 U.S.C. § 4241(a).

In light of defendant's *pro se* status, the Court emphasizes the following:

The Constitution does not permit the trial of an individual lacking "mental competency." *Dusky v. United States*, 362 U.S. 402 (1960), defines the mental competency standard as inclusive of both (1) "whether" the defendant has "a rational as well as factual understanding of the proceedings against him" and (2) whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *Id.* at 402 (internal quotations omitted). In this case, defendant has "voluntarily and intelligently" elected to proceed without counsel thus far, *see Faretta v. California*, 422 U.S. 806, 807 (1975), and has only accepted the assistance of standby counsel.[1]

However, as the Court has reiterated on numerous occasions throughout the course of these proceedings, "the right of self-representation is not absolute." *Indiana v. Edwards*, 554 U.S. 164, 171 (2008). And the Supreme Court has accordingly clarified that,

> [T]he Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so. That is to say, the Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under *Dusky* but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves.

*See Edwards*, 554 U.S. at 177-78; *see also United States v. Berry*, 565 F.3d 385, 392 (7th Cir. 2009) (noting the application of *Edwards* to federal proceedings).

---

[1] The Court notes that it directed defendant's standby counsel to represent defendant in the capacity of counsel on the issue of competency determination only.

On the basis of all of the above, the Court **ORDERS** a psychiatric/psychological examination pursuant to 18 U.S.C. §§ 4241 and 4247, to determine defendant's competency to stand trial and specifically in this instance, defendant's ability to conduct trial proceedings by himself.

The Court designates Dr. Daniel J. Cuneo, 2217 West Main Street, Belleville, IL 62226 to conduct the examination. The cost of the examination shall be paid by the government. Dr. Cuneo shall travel to defendant's current place of custody, Alton Law Enforcement Center, 1700 East Broadway, Alton, IL 62002, to conduct the evaluation. **The evaluation shall not exceed 30 days.**

Further, the pre-trial services probation officer assigned to defendant's case is **DIRECTED** to contact the probation office for the U.S. District Court for the Eastern District of Missouri and request copies of the defendant's prior psychiatric/psychological evaluation report and his prior pre-sentence investigation report, filed in 09-cr-351-ERW (E.D. MO.), for purposes of assisting Dr. Cuneo's present evaluation.

The probation officer is **DIRECTED** to send these documents to Stephen Clark, the government's representative, for inclusion with the other information that will be sent to Dr. Cuneo.

Dr. Cuneo shall prepare a report which details the following:

(1) the defendant's history and present symptoms;
(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;
(3) the examiner's findings;
(4) the examiner's opinions as to diagnosis, prognosis, and-- whether the defendant is suffering from a mental disease or

>defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;
>(5) And finally, if in the examiner's opinion defendant is competent to the extent he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, *does he suffer from a severe mental illness to the point where he is not competent to conduct trial proceedings on his own.*

The report shall be filed with the Court, and copies shall be served to counsel for the government and defendant. Once the Court receives the report, the Court shall set this matter for hearing.

The trial date of August 4, 2014, is continued until such time as the evaluation and reports are completed and a hearing can be held in accordance with 18 U.S.C. § 4247(d). The, "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant," is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(A); *see United States v. Fuller*, 86 F.3d 105, 106 (7th Cir. 1996).

Finally, defendant's *pro se* "motion for ex parte rebuttal of government petition for competency exam" (Doc. 53), is **STRICKEN** from the record, as defendant's stand by counsel represented him in the capacity of counsel for purposes of the government's motion for competency determination only. *See United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998).

The government's motion for determination of competency to stand trial is **GRANTED** in accordance with the decision herein (Doc. 48)

**IT IS SO ORDERED.**

Signed this 22nd day of July, 2014.

Digitally signed by David R. Herndon
Date: 2014.07.22 16:45:10 -05'00'

**Chief Judge
United States District Court**