IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA
PLAINTIFF

V

WILLIAM J MABIE
DEFENDANT

**FILED**
SEP 18 2014
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

14 30076 MJR

## MOTION FOR EVIDENTIARY HEARING

Comes now defendant, acting PRO SE, requesting hearing in regard to revocation of PRO SE status

1. Gov'ts proposed "review" of matter would likely lead to same mistake. P. 406 Doc. 61

2. Forced counsel (SHATTNIK) bears some culpability, (ALTHOUGH HERNDON WAS NOT PRUDENT*)

3. Stricken evidence, and attached, paint a wildly different picture of background.

4. Evidence may be adduced along with testimony at competency hearing, and argument related to Speedy trial.

* Herndon labeled defendant a liar on record, Courts apology <u>must</u> be on record.

Mailed to court this date 9/16/14**

William Mabie

**No other service possible

On 07/29/14, federal inmate Mabie was removed form his cell for disruptive behavior. Mabie"s complaint was that his mail from June 2014 was held at police headquarters and not mailed. This was due to the fact that per jail policy, an inmate is only provided (1) stamp per week, which resulted in some of Mabie's mail being held. Mabie's court appointed attorney, Daniel Schattnik was contacted on 07/28/14 and explained the circumstances surrounding the complaint. On the afternoon of 07/28/14, Schattnik responded to headquarters and provided several stamp addressed envelopes for Mabie to use in the future.

*Received 8/21/14 11:10 AM.*

SGT. GARY CRANMER #9607

# Julie Bennett

**From:** Daniel Schattnik [schattnik@gmail.com]
**Sent:** Thursday, July 31, 2014 1:48 PM
**To:** Jennifer Lando
**Subject:** William Mabie

Ms Lando

My plan was to come to the jail to discuss the issue of the outgoing mail of Mr. Mabie, but decided against it.

The court has appointed me as "stand-by counsel", which means that I answer legal questions that Mr. Mabie might put to me, and provide some research support. Other than that, I have no standing to interact with others in terms of making decisions on his behalf, as I might do in a situation where I was truly representing someone. In terms of the order appointing me as stand-by counsel, Judge Herndon has made it very clear that my role is very limited.

As such, I have come to the conclusion that it would be inappropriate for me become involved in this issue. I would ask that Mr. Mabie be consulted directly on any issue dealing with his mail.

Please give Jail Supt Cranmer my thanks for the courtesy of contacting me in this regard, and my regrets that I am unable to participate in this regard.

Dan Schattnik

United States Code Annotated
  Federal Rules of Criminal Procedure for the United States District Courts (Refs & Annos)
    IV. Arraignment and Preparation for Trial

Federal Rules of Criminal Procedure, Rule 17

Rule 17. Subpoena
Currentness

**(a) Content.** A subpoena must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies. The clerk must issue a blank subpoena--signed and sealed--to the party requesting it, and that party must fill in the blanks before the subpoena is served.

**(b) Defendant Unable to Pay.** Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

[handwritten annotation: X Could have been investigator]




The amendment makes several changes. The references to a judge are deleted since applications should be made to the court. An ex parte application followed by a satisfactory showing is substituted for the requirement of a request or motion supported by affidavit. The court is required to order the issuance of a subpoena upon finding that the defendant is unable to pay the witness fees and that the presence of the witness is necessary to an adequate defense.

**Subdivision (d).** The subdivision is revised to bring it into conformity with 28 U.S.C. § 1825.

1972 Amendments

Subdivisions (a) and (g) are amended to reflect the existence of the "United States magistrate," a phrase defined in rule 54.

1974 Amendments

Subdivision (f)(2) is amended to provide that the court has discretion over the place at which the deposition is to be taken. Similar authority is conferred by Civil Rule 45(d)(2). See C. Wright, Federal Practice and Procedure: Criminal § 278 (1969).

Ordinarily the deposition should be taken at the place most convenient for the witness but, under certain circumstances, the parties may prefer to arrange for the presence of the witness at a place more convenient to counsel.

1975 Enactment

**A. Amendments Proposed by the Supreme Court.** Rule 17 of the Federal Rules of Criminal Procedure deals with subpoenas. Subdivision (f)(2) as proposed by the Supreme Court provides:

The witness whose deposition is to be taken may be required by subpoena to attend at any place designated by the trial court.

**B. Committee Action.** The Committee added language to the proposed amendment that directs the court to consider the convenience of the witness and the parties when compelling a witness to attend where a deposition will be taken. House Report No. 94-247.

1979 Amendments

This addition to rule 17 is necessary in light of proposed rule 26.2, which deals with the obtaining of statements of government and defense witnesses.

1987 Amendments

The amendments are technical. No substantive change is intended.

SPECIAL MAIL - OPEN ONLY IN
PRESENCE OF INMATE

Mr. William Mabie
1700 East Broadway
Alton, IL 62002



Judge Reagan
U.S. District Court
750 Missouri Ave
East Saint Louis, IL 62202