In the United States District Court for the Southern District of Illinois

United States of America
PLAINTIFF

V.

William Mabie
DEFENDANT

14-30076 MJR

FILE EX PARTE and
UNDER SEAL

MOTION FOR SUBPOENA and SERVICE

Due to late developing issue, defense now requests issuance of subpoena.

Gov't now intends use of so called 404(b) evidence, Deeba/Klein, which to properly demonstrate circumstance, requires admission of surrounding E-mails. GOV'T SEIZED COMPUTOR WHICH GENERATED THESE E-MAILS 8/20/08. GOV'T WAS RECIPIENT— Jennifer Joyce, Chief Mokwa, F.B.I., US ATT'Y Hanaway. GOV'T NEVER TURNED THESE DEFENDANT STATEMENTS OVER TO DEFENSE. — RETAINS POSSESSION-BOTH ENDS. RULE 26.2

★ Defendant has evidence gov't was operating computor on 10/15/14, Mr.*Clark claimed "trying to locate" on 10/16/14.   SEE ATTACHED

★ 11/24/14 Owner-Gov't witness, Mary Mabie, was to retrieve. S.L.M.P.D. OFF. KURT KUTLER informed her "computor was destroyed - by court order, more than a year ago." Defense calls foul - not possible —
★ Probable criminal obstruction 18 USC 1512

Deeba testified falsely about content matches to our jury.
~ 613(b) + 1004(a)

Defendants point is this strengthens his case of gov't deceit, the clear governmental grievance opined in letters + impeachment etc.

alternately,

It would impeach gov't witness, Mary Mabie, as lying to conceal.

It is also of interest, the same entity - S.L.M.P.D. Custodian of Records, has not produced the other calls - more than a dozen, exculpatory, which would put the 404(b) in context. 26.2

Defense feels subpoena is necessary, and would ask Court also order the return of said computer (COULD NOT HAVE BEEN DESTROYED A YEAR AGO - ATTACHED-A) and Mr Kutler* to attend. Alternately, the Court could consider proper sanction - to disallow related 404(b), as gov't has created the impediment to proper defense. SOMEONE IS LYING. DEFENSE SHOULD HAVE HIS OWN STATEMENTS, (which were to handle same 404(b) issue) AVAILABLE.

DEFENSE WILL ENGAGE AN EXPERT IN INFORMATICS (MASTERS DEGREE) TO STATE GOVT CLAIM IS IMPOSSIBLE

RESPECTFULLY SUBMITTED

William Mabie

* could this be Kurt Cutler?
S.L.M.P.D. 1200 CLARK ST LOUIS MO 63103

## Daniel Schattnik

**From:** Mary Mabie Burton [mlmabie@gmail.com]
**Sent:** Wednesday, December 3, 2014 1:56 PM
**To:** Daniel Schattnik
**Subject:** Re: Dell Computer

Mr. Schattnik,

No, the computer was not returned to me. I was informed by Kurt Kutler of the St. Louis Metropolitan Police Department Property Division that the computer was destroyed last year, by court order. I was not notified at any time that the computer was to be destroyed.

*[handwritten annotation: REALLY?]*

Thank you,

Mary Burton

On Wed, Dec 3, 2014 at 1:37 PM, Daniel Schattnik <schattnik@gmail.com> wrote:

Ms Mabie

*[handwritten annotation: SEE NEXT PAGE]*

Has the computer been returned to you, or was it destroyed by law enforcement? If you were advised that it was destroyed, do you recall who, if anyone, advised you of that fact?

Thank you for your time.

Daniel R. Schattnik

Attorney at Law

schattnik@gmail.com

Office: 618-258-1800

---

**From:** Mary Mabie Burton [mailto:mlmabie@gmail.com]
**Sent:** Monday, November 24, 2014 3:52 PM
**To:** Stephen.Clark@usdoj.gov
**Cc:** Daniel Schattnik
**Subject:** Dell Computer

1

-2-                                                                 October 15, 2014

I will not be denied my property, if it comes to a gunfight no problem, even if Steve Reisch, his entire organization, his kids and his grandkids, all have to end up dieing, I will get my property back, I have right to make a living.

It would seem more proper if someone from the State investigated.

Your choice to do the right thing, if there is ANYTHING incorrect in this complaint, please come after me for filing a false complaint, but whatever you do ,do not be gutless.

Sincerely,


Bill Mabie

*[Handwritten annotations: "LOOKS TO ME LIKE SLMPD WAS OPERATING ON 10/15/14"; circled "NEXT"; "GOVT BATES →  4347"]*

– 2 –                                                                    June 18, 2008

I will not be denied my property, if it comes to a gunfight no problem, even if Steve Reisch, his entire organization, his kids and his grandkids, all have to end up dieing, I will get my property back, I have right to make a living.

It would seem more proper if someone from the State investigated.

Your choice to do the right thing, if there is ANYTHING incorrect in this complaint, please come after me for filing a false complaint, but whatever you do, do not be gutless.

Sincerely,

Bill Mabie

*[handwritten, circled]: This was GOVT GRIEVANCE*

*[handwritten]: AND SINCE WHEN DOES PAGE 2 EVEN HAVE A DATE? This was tampered with in '08*

*[handwritten]: GOVT BATE →*  3530

Dear Mr. Clark:

I have been informed the government is finished with my computer as of October 15, 2014, and is awaiting retrieval. I would love to retrieve it, but do not know from where to retrieve. Would you know where the computer can be returned to me?

Thank you for your time.

Mary Mabie Burton

deadlocked) and N.Y. Cent. R.R. Co. v. Johnson, 279 U.S. 310, 318, 49 S. Ct. 300, 73 L. Ed. 706 (1929) (reversing jury verdict based on respondent's "bitter and passionate attack on petitioner's conduct of the case" before the jury)). These cases demonstrate that, when engaging in plain error review, appellate courts should be especially mindful and protective of the jury's unique role in order that "the confidence of the public in [the administration of the law] be maintained." Clyatt v. United States, 197 U.S. 207, 222, 25 S. Ct. 429, 49 L. Ed. 726 (1905); see also Brasfield, 272 U.S. at 450 (plain error review is particularly appropriate "where the error . . . affects the proper relations of the court to the jury."); United States v. Williams, 399 F.3d 450, 455 (2d Cir. 2005) ("The salient characteristic of [the cases underpinning the fourth Olano factor] is that the issue was whether to correct an unpreserved error that occurred in the conduct of a jury trial."). Here, the AUSA's persistent misconduct was a sustained assault on the jury's ability to fulfil that role, thus directly implicating the core concerns animating the fourth Olano factor. See Young, 470 U.S. at 33 n.16 (Brennan, J., dissenting) ("[A] pattern and practice of intentional prosecutorial misconduct that has not been deterred through other remedies, may well so seriously undermine the integrity of judicial proceedings as to support reversal under the plain-error doctrine."); United States v. Vaughan, 443 F.2d 92, 95 (2d Cir. 1971) ("As Professor Wright has stated, 'It is not a miscarriage of justice to convict a guilty man, but if he is convicted in a way inconsistent with the fairness and integrity of judicial proceedings, then the courts should invoke the plain error **rule** in order to protect their own public reputation.'") (quoting 3 Wright, Federal Practice and Procedure. Criminal § 856 (1969)). The AUSA's actions, while bringing both "[the prosecutor's] office and the courts into distrust," People v. Lee Chuck, 78 Cal. 317, 329, 20 P. 719 (1889), deprived Darden of his "right to a verdict[] uninfluenced by the appeals of counsel to passion or prejudice." N.Y. Cent. R.R. Co., 279 U.S. at 318. I dissent from the majority's holding that the prosecutor's improper statements in this case do not warrant a new trial.

*[handwritten margin: SEE BACK FOR PARTIAL LIST]*

### Footnotes

1

The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

2

A new version of the Federal Rules of Evidence went into effect on December 1, 2011 as part of the Federal Rules Style *[handwritten: AND IT DOES NOT CONDONE WARES LIES looks like another one you fucked off

Will you hold a hearing to stop lies? or just lie your way to 12/3/15?]*

A08CASES

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*[handwritten: CALL JUROR / ATTY NEUMANN 62-99-00

TELL HIM HOW HE WAS EMPANELED — AFTER BEING STRUCK

3 of 3]*

4173

*NEED A SHOVEL*

Rule 26.2.    Producing a Witness's Statement

**(a) Motion to Produce.** After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony. — *WHERE ARE THE COMPLAINTS*

**(b) Producing the Entire Statement.** If the entire statement relates to the subject matter of the witness's testimony, the court must order that the statement be delivered to the moving party.

**(c) Producing a Redacted Statement.** If the party who called the witness claims that the statement contains information that is privileged or does not relate to the subject matter of the witness's testimony, the court must inspect the statement in camera. After excising any privileged or unrelated portions, the court must order delivery of the redacted statement to the moving party. If the defendant objects to an excision, the court must preserve the entire statement with the excised portion indicated, under seal, as part of the record.

**(d) Recess to Examine a Statement.** The court may recess the proceedings to allow time for a party to examine the statement and prepare for its use. — *EMAILS & RECORDING WERE ORDERED*

**(e) Sanction for Failure to Produce or Deliver a Statement.** If the party who called the witness disobeys an order to produce or deliver a statement, the court must strike the witness's testimony from the record. If an attorney for the government disobeys the order, the court must declare a mistrial if justice so requires.

*READ THIS* **(f) "Statement" Defined.** As used in this rule, a witness's "statement" means: *READ THIS*
  (1) a written statement that the witness makes and signs, or otherwise adopts or approves;
  (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
  (3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

**(g) Scope.** This rule applies at trial, at a suppression hearing under Rule 12, and to the extent specified in the following rules:
  (1) Rule 5.1(h) (preliminary hearing);
  (2) Rule 32(i)(2) (sentencing);
  (3) Rule 32.1(e) (hearing to revoke or modify probation or supervised release);
  (4) Rule 46(j) (detention hearing); and
  (5) Rule 8 of the Rules Governing Proceedings under 28 U.S.C. § 2255. ← *"COMPLAINTS"*

*USC$RULE    REISCH'S CONTRADICTORY STATEMENTS*

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*TO ST LOUIS COUNTY P.D. - STOLEN CHK*
*TO SLM.P.D. - 07-078733 BURGLARY*
*← RECORDED*

4152

### (a) Government's Disclosure.

(1) *Information Subject to Disclosure.*

(A) *Defendant's Oral Statement.* Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

(B) *Defendant's Written or Recorded Statement.* Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:

(i) any relevant written or recorded statement by the defendant if:
- the statement is within the government's possession, custody, or control; and
- the attorney for the government knows-or through due diligence could know-that the statement exists;

(ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and

(iii) the defendant's recorded testimony before a grand jury relating to the charged offense.

---

*Handwritten annotations:*

A SERIES OF E-MAILS TO US ATTORNEY, FROM DEFENDANT, (AUSA J. JOYCE / FBI - P.S.) WHICH GOV'T LIED TO GET THE OTHER END OF, AND THESE E-MAILS BEGGING FOR HELP BECAUSE LIFE MAY BE IN DANGER "fit this criteria" — SO — Why has it not been allowed to hide it?

These had to have been received, or why else would AUSA CHRISTIAN STEVENS been calling me — see phone records of discovery

*Right margin:* CAN YOU GUYS FIND THESE? OR DO WE NEED TO DIG THEM UP?

USCSRULE 1
© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.